UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CITIZENS INSURANCE
COMPANY OF AMERICA,
        Plaintiff,

vs.

ALEX MOYER, JR. and
MARY ELIZABETH MOYER,
        Defendants.
_____/

Civil Action No.
04-CV-73909-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S ORDER DATED SEPTEMBER 19, 2006, and
DENYING DEFENDANTS' MOTION FOR CONTEMPT HEARING
RE MARC RAMSEY**

This matter is presently before the court on (1) both parties' objections [docket entries 77 and 79] to Magistrate Judge Donald A. Scheer's discovery order of September 19, 2006; and (2) defendants' motion for contempt hearing regarding witness Marc Ramsey [docket entry 76]. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these objections and defendants' motion without a hearing.

        Plaintiff alleges that defendants have received attendant care benefits to which they are not entitled. The claim for such benefits arises from an October 1997 automobile accident in which defendant Alex Moyer was injured. Alex Moyer's wife, Mary Moyer, purportedly provided the attendant care. Plaintiff is asserting claims for fraudulent misrepresentation, breach of contract, and unjust enrichment. Defendants have counterclaimed for attendant care benefits under their no-fault policy. The parties have been litigating this dispute for years, in Oakland Circuit Court, Livingston Circuit Court, and now here.

**Objections to Magistrate Judge Scheer's Order**

On September 19, 2006, Magistrate Judge Scheer issued a five-page order incorporating detailed bench rulings made at the conclusion of a hearing conducted on September 5, 2006. The subject of the hearing was defendants' motion for sanctions and/or to compel discovery [docket entry 60] and plaintiff's motion to compel production of documents [docket entry 63]. Magistrate Judge Sheer endured a hearing that apparently droned on for several hours, as the transcript is 104 pages long. *See* docket entry 82.

Both sides claim to be dissatisfied with some or all of the magistrate judge's rulings and have filed objections. Federal Rule of Civil Procedure 72(b) states that if a party objects to a ruling on a nondispositive matter, the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(b). The court has reviewed Magistrate Judge Scheer's September 19 order, as well as the parties' many filings, and finds no error.

Defendants contend that the magistrate judge, while granting the vast majority of the relief they sought, did not go far enough because "[t]he only reasonable response to CICA's continued discovery abuses was a dismissal of its Complaint pursuant to Fed. R. Civ. P. 37." Defendants' Objections, at 9. This is not a proper objection because a magistrate judge has no authority to dismiss a complaint. If defendants wish to seek dismissal of the complaint as a sanction for discovery abuses, or for any other reason, they must file a motion clearly indicating as much in the caption and in that event the court would either hear the motion itself or refer it to the magistrate judge for report and recommendation, rather than for hearing and determination. *See* 28 U.S.C. § 636(b)(1)(A), (B).

Defendants also indicate that plaintiff has not yet produced the complete claim file

(although apparently 300 additional pages have recently been produced); that plaintiff has not yet provided "rudimentary discovery"; and that counsel cannot agree as to the location of depositions. These are not proper objections to the magistrate judge's order, which in fact *granted* defendants' motion to compel discovery and assessed substantial sanctions against plaintiff. Nonetheless, when counsel appear on November 15 on defendants' motion for summary judgment, the court will inquire as to the status of the parties' compliance with the magistrate judge's order and resolve any outstanding discovery issues.

Plaintiff for its part objects to the portion of the magistrate judge's order requiring it to produce the personnel files, except for medical information, of its employees who were involved in handling the claim at issue in this case. Defendants have not responded to this objection. At the November 15 hearing, the court will hear argument as to the relevance of these personnel files.

Finally, plaintiff argues that it has been unable to schedule various depositions. This is not a proper objection to the magistrate judge's order. The only plaintiff's motion before the magistrate judge at the September 5 hearing was a motion to compel production of documents [docket entry 63], which made no mention of outstanding depositions. Nonetheless, in the interest of moving the case along and ensuring that both sides are prepared for trial, the court will hear from both sides at the November 15 hearing as to whether any depositions remain to be taken. The court will determine which, if any, such depositions will be allowed, when and where the depositions will be taken, and the length of time each deposition may last. Given counsel's inability to cooperate regarding location, and the likelihood that the depositions will not go smoothly, the court will require them to take place at this courthouse in the absence of an agreement to hold them elsewhere.

3

For these reasons, the court shall overrule both parties' objections. At the November 15 hearing on defendants' summary judgment motion, however, the court will hear argument as to the relevance of the personnel files and resolve any other outstanding discovery disputes.

**<u>Defendants' Motion for Contempt Hearing</u>**

Defendants request that the court conduct a hearing to determine whether Marc Ramsey, a former employee of plaintiff's who was involved in handling the Moyer claim, should be held in contempt for failing to obey a deposition subpoena. Plaintiff opposes the motion on the grounds that counsel were discussing, but never agreed upon, a date for this deposition to be held.

From the exhibits attached to the parties' briefs, it is apparent that Ramsey's deposition was initially noticed for July 17, 2006. Ramsey was served with a notice and subpoena by certified mail, although the date of service does not appear on the return receipt. Plaintiff's counsel attempted to telephone defense counsel on July 6, but defense counsel was in trial and unavailable. By letter dated July 10, plaintiff's counsel asked defense counsel to contact him to discuss the scheduling of all depositions. By letter dated July 14, plaintiff's counsel repeated this request and indicated that he would be out of town and unavailable on July 17. By letter dated July 20 (a Thursday), defense counsel informed plaintiff's counsel that "[i]n accordance with our discussions on Tuesday, July 18, 2006 I canceled the depositions for this week at your request." Presumably this included the Ramsey deposition, which had been scheduled for the Monday of that week. Finally, under a cover letter dated July 28, defense counsel served plaintiff's counsel with various deposition notices, including one scheduling Ramsey's deposition for August 9.

Under these circumstances, there is no basis for holding Ramsey in contempt for his failure to obey the subpoena directing him to appear for deposition on July 17. It appears that defense counsel himself canceled this deposition, and then sought to reschedule it for August 9. Contempt is available only if a person disobeys a subpoena "without adequate excuse." Fed. R. Civ. P. 45(e). In this case Ramsey had such an excuse. The motion for a contempt hearing is therefore denied. However, if Ramsey's deposition still has not taken place, the court shall hear argument on November 15 as to when, whether and where it should be scheduled, along with any other outstanding depositions.

Accordingly,

IT IS ORDERED that both parties' objections [docket entries 77 and 79] to Magistrate Judge Scheer's September 19 order are overruled. However, at the November 15 hearing the court will hear additional argument as to the relevance of plaintiff's employees' personnel files and any outstanding discovery disputes.

IT IS FURTHER ORDERED that defendants' motion for contempt hearing regarding Marc Ramsey [docket entry 76] is denied. However, at the November 15 hearing the court will hear argument as to the scheduling of this deposition, if it has not yet been taken.

```
                                        ____s/Bernard A. Friedman_____
Dated: November 13, 2006                BERNARD A. FRIEDMAN
       Detroit, Michigan                CHIEF UNITED STATES DISTRICT JUDGE
```

5